UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

FAUSTINO HERNANDEZ TAPIA,

        Petitioner,

        Case No. 1:25-cv-1291

v.

        Honorable Hala Y. Jarbou

KRISTI NOEM et al.,

        Respondents.

_____/

**OPINION**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. That statute provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] The Court is required to conduct this initial review prior to the service of the petition. *See* Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for lack of subject matter jurisdiction.

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

**Discussion**

In *Maleng v. Cook*, 490 U.S. 488 (1989), the Supreme Court described an important limit on the Court's habeas jurisdiction:

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. See *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

*Maleng*, 490 U.S. at 490–91 (parallel citations omitted). In *Baidas v. Jenifer*, 123 F. App'x 663 (6th Cir. 2005), in the context of considering a habeas challenge to the removal of a noncitizen, the Sixth Circuit Court of Appeals explained further that "custody is considered only at the time the petition is filed." *Baidas*, at 667.

The petition states: "Petitioner is presently in Mexico, having been removed from the United States on October 23, 2025." (Pet., ECF No. 1, PageID.1.) The petition notes that, at some time prior to his removal, he had been detained by United States Immigration and Customs Enforcement (ICE) at the North Lake Processing Center, located in this district, in Baldwin, Michigan. (*Id*.) But prior to Petitioner's removal, "he was . . . transferred to several facilities for purposes of travel before his removal." (*Id*.) The petition was filed on October 24, 2025.

There are no factual allegations in the petition that support an inference that Petitioner was in custody on the date the petition was filed. Accordingly, the Court does not have jurisdiction to grant the habeas relief that Petitioner requests.

**Conclusion**

Having conducted the review required under 28 U.S.C. § 2243 and Rule 4, Rules Governing § 2254 Cases, for the reasons stated above, the Court will enter a judgment dismissing the petition without prejudice for lack of subject matter jurisdiction.

Dated: January 5, 2026                             /s/ Hala Y. Jarbou
                                                                HALA Y. JARBOU
                                                                CHIEF UNITED STATES DISTRICT JUDGE